UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL FARLEY,

Petitioner,

v. CASE NO. 8:12-cv-580-T-23TBM

SECRETARY, Department of Corrections,

Respondent.
_____________________________________/

**O R D E R**

Farley applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for lewd or lascivious conduct involving a minor under sixteen years of age, for which he is imprisoned for fifteen years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 28) The respondent correctly argues that the application is time-barred.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On June 27, 2001, Farley pleaded guilty to lewd or lascivious conduct involving a minor under sixteen years of age and he was sentenced to five years of probation. (Respondent's Exhibit 1 at 37-56) Because he filed no appeal, Farley's conviction became final on July 27, 2001. *See Booth v. State*, 14 So. 3d 291, 292 (Fla. 2nd DCA 2009) (recognizing that, when no appeal is filed, the judgment and sentence become final after the thirty days have elapsed for appealing). This establishes July 27, 2002, as his federal limitation deadline absent tolling for a properly filed state post-conviction proceeding. Farley let 343 days elapse before moving for post-conviction relief on July 2, 2002. (Respondent's Exhibit 1 at 57) Tolling continued until September 28, 2007, when the mandate issued. (Respondent's Exhibit 6) Farley had 22 days remaining (365 - 343 = 22). This establishes October 20, 2007, as his federal limitation deadline absent additional tolling.

Farley asserts entitlement to the continuation of tolling for a second motion for post-conviction relief that he filed on June 6, 2007, more than two months before the mandate issued on the first post-conviction proceeding. Farley is incorrect because the second motion for post-conviction relief failed to comply with state rules.

Section 2244(d)(2) specifically permits tolling for "a properly filed application for State post-conviction or other collateral review . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.

These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." As a consequence, only an application timely filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."); *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*), *cert. denied*, 566 U.S. 1109 (2009); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."), *cert. denied*, 531 U.S. 991 (2000).

Farley's second state motion for post-conviction relief asserts six grounds. The post-conviction court summarily dismissed five of the grounds as either successive or untimely under the state's two-year limitation. (Respondent's Exhibit 8 at 182-87) The remaining claim (ground two) asserts newly discovered evidence. After receiving a response from the state and finding that Farley failed to assert the claim within two years of when he should have discovered the allegedly new evidence, the post-conviction court dismissed this claim as also untimely.

(Respondent's Exhibit 8A at 379-81) The circuit court affirmed the dismissal of all grounds except the summary dismissal of ground six, which asserted another claim of newly discovered evidence. After determining that the record did not conclusively show that ground six was untimely, the appellate court remanded for further review. (Respondent's Exhibit 11)

On remand the post-conviction court's order exhaustively describes Farley's numerous supplements to his second motion for post-conviction relief. "The Court notes that, when the motions for post-conviction relief and amendments filed in 'Defendant's second round of motions' are combined, the total page length is three-hundred and ninety-six (396) pages [and] that Defendant's second round of post-conviction motions has generated twelve (12) additional volumes." (Respondent's Exhibit 14 at 7 n. 3 and 4) The post-conviction court determined that every additional ground was untimely, successive, or not newly discovered evidence. In addressing the claim that the circuit court remanded (ground six), the post-conviction court found that "because the police report was disclosed to counsel prior to trial" the evidence fails to qualify as newly discovered. (Respondent's Exhibit 19 at 3) The circuit court affirmed without comment. (Respondent's Exhibit 22)

Farley is entitled to no tolling because the claims asserted in the second motion for post-conviction relief (and numerous supplements) were either untimely or failed to assert a claim that qualified as newly discovered evidence. The claims based on newly discovered evidence that were untimely under the state's two-year limitation are clearly untimely under the federal one-year limitation established in Section

2244(d)(1)(D). The state court's finding of untimeliness is presumptively correct. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *Pace*, 544 U.S. at 414 ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). As a consequence, Farley's October 20, 2007, limitation deadline passed without additional tolling for a "properly filed" motion for post-conviction relief.

This determination of untimeliness renders moot all pending motions, specifically, Farley's two "Requests for a Magistrate's Report." (Doc. 35 and 37) Additionally, the respondent filed an unnecessary supplemental response (Doc. 38), which addresses the merits of Farley's grounds. This unnecessary supplement caused Farley to file a "Request for Documents" (Doc. 39) and to move for an extension of time (Doc. 46) to reply. Because this action is dismissed as time-barred, the supplement is stricken and Farley's motions are moot.

Accordingly, the respondent's motion to dismiss (Doc. 28) is **GRANTED**. The application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The respondent's supplement (Doc. 43) is **STRICKEN**. The pending motions (Doc. 35, 37, 39, and 46) are **DENIED** as moot. The clerk must close this case.

**DENIAL OF BOTH**
**A CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Farley is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Farley must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Farley is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Farley must pay the full $505 appellate filing fee unless the circuit court allows Farley to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 30, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE